DINA L. SANTOS, SBN 204200
Dina L. Santos, A Professional Law Corp.
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 447-0160

Attorney for
ANTONIO TOLENTINO

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANTONIO TOLENTINO,
LUCILA CALDERON

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:25-CR-00094 WBS

STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE

Date:    May 11, 2026
Time:    10:00 a.m.
Judge:   Hon. Shubb

## **STIPULATION**

The United States of America through its undersigned counsel, Caily Nelson Assistant United States Attorney, together with Attorney Dina Santos, counsel for Antonio Tolentino; and Attorney Timothy Warriner, counsel for Lucila Calderon hereby stipulate the following:

1. The Status Conference was previously set for February 23, 2026.  By this stipulation, the parties now move to continue the Status Conference to May 11, 2026, at 9:00 a.m. and to exclude time between February 23, 2026, and May 11, 2026, under the Local Code T-4 (to allow defense counsel time to prepare).

2.  The parties agree and stipulate, and request the Court find the following:

STIPULATION AND ORDER          - 1 -

a. A continuance is requested to continue to allow the Defense to meet with the Client, review recently produced discovery, conduct investigation, and discuss a potential resolution.

b. Counsel for the Defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c. The Government does not object to the continuance.

d. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial within the original date prescribed by the Speedy Trial Act.

e. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of February 23, 2026, to May 11, 2026, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

///

//

/

STIPULATION AND ORDER                - 2 -

**IT IS SO STIPULATED.**

DATED:  February 5, 2026          Eric Grant
                                                     United States Attorney

                                                      /s/ Caily Nelson
                                                     CAILY NELSON
                                                     Assistant U.S. Attorney

DATE:  February 5, 2026

                                                      /s/ Dina Santos
                                                     DINA SANTOS
                                                     Attorney for Antonio Tolentino

DATE:  February 5, 2026

                                                      /s/ Timothy Warriner
                                                     TIMOTHY WARRINER
                                                     Attorney for Lucila Calderon

## ORDER

The Court has read and considered the Stipulation Regarding Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

**IT IS SO ORDERED.**

Dated:  February 6, 2026

                                                     WILLIAM B. SHUBB
                                                     UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER                - 3 -